IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEPHEN CAVANAUGH, | ) | 4:14CV3062 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HALL COUNTY DEPARTMENT OF CORRECTIONS, | ) ) | |
| | ) | |
| Defendant. | ) | |

     Plaintiff filed his Complaint in this matter on March 24, 2014. (Filing No. 1.) He was given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

     Plaintiff is currently incarcerated at the Nebraska State Penitentiary ("NSP"). In January of 2013 he was incarcerated in the Hall County Jail in Hall County, Nebraska. (Filing No. 1 at CM/ECF p. 4.) Plaintiff alleges he was "[p]laced in segregation for filing grievances against the jail." (*Id.*) He also alleges he was completely prevented from accessing the Hall County Jail's "grievance system" by Director Ruiz. (*Id.*)

     Plaintiff requests the court order Hall County to pay him $250,000 in damages for the depravation of his right to file grievances and for the pain and suffering that resulted from the county's action. Plaintiff further seeks to have Director Ruiz replaced and "a new grievance system" put in place—one "the jail has no control over." Plaintiff also requests punitive damages. (*Id.* at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARD

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

#### A.     Claims for Equitable Relief

Plaintiff seeks to have Director Ruiz "replaced" at the Hall County jail and asks the court to order the jail to replace its "grievance system." (Filing No. 1 at CM/ECF p. 6.)  However, Plaintiff is no longer an inmate at the Hall County jail.  "[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  Plaintiff is now imprisoned at NSP, and there is no indication in the Complaint that Plaintiff may return to the jail in Hall County.  Thus, Plaintiff's claims for changes in prison conditions at the Hall County jail are moot.  Plaintiff has no standing to bring claims on behalf of those currently imprisoned in the Hall County jail.  *See id.*  Accordingly, Plaintiff's claims for equitable relief must be dismissed.

#### B.     Claims for Monetary Damages

Plaintiff alleges his constitutional rights were violated because he was punished for filing grievances, and was eventually denied access to the grievance system entirely.  "A prisoner's right under the First Amendment to petition for redress of grievances under a prison's grievance procedures is clearly established in [the Eighth Circuit]." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010).  Further, "actions taken in retaliation for an inmate's filing a grievance are actionable under 42 U.S.C. § 1983." *Id.* at 450 (internal citations omitted).

While Plaintiff has identified a potential violation of his constitutional rights, as pled, his Complaint fails as a matter of law.  Plaintiff has named only the Hall County Department of Corrections as a defendant in this action.  For a municipality to be found liable under § 1983, "individual liability first must be found on an underlying substantive claim." *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th

Cir. 2005). A municipality or government entity cannot be held vicariously liable for the actions of one of its agents. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007). Rather, there must be a showing a governmental employee was acting in accordance with a government policy or custom in order for liability to attach to the municipality under § 1983.

"Official policy involves 'a deliberate choice to follow a course of action made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990)(quoting *Pembaur v City of Cincinnati*, 475 U.S. 469, 483 (1986)). "The fact that a particular official—even a policy making official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." *Pembaur*, 475 U.S. at 481-82. Rather, "[t]he official must also be responsible for establishing final government policy" that led to the alleged constitutional violation "before the municipality can be held liable." *Id.* at 483.

In order to establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Plaintiff has not named any individual defendants nor has he asked the court to make a finding of individual liability against any Hall County employees—a step necessary for a finding of municipal liability. See [McCoy, 411 F.3d at 922](). Plaintiff also does not assert that the alleged constitutional violation occurred because prison officials were acting in accordance with official government policy or that any individual who carried out the actions against Plaintiff was responsible for establishing an official policy. In addition, Plaintiff does not allege there was a continuing, widespread, persistent pattern of unconstitutional misconduct by Hall County Department of Corrections or its employees, or that the Hall County Department of Corrections' policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. Finally, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against the Hall County Department of Corrections across the line from conceivable to plausible under the *Jane Doe* standard.

On the court's own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege a claim against the Hall County Department of Corrections and name any other proper defendants.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims for equitable relief are dismissed without prejudice.

2. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint will result in dismissal of this matter without prejudice and without further notice.

3.     The clerk's office is directed to set a pro se case management deadline in this matter: August 25, 2014: Check for amended complaint.

DATED this 23rd day of July, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.