IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEPHEN CAVANAUGH, | ) | 4:14CV3062 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HALL COUNTY DEPARTMENT OF CORRECTIONS, RUIZ, Director, VAN, Assistant Director, SPAR, Sergeant, CASTLEBERRY, Sergeant, CONNELLY, Sergeant, and REI, Sergeant, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On July 23, 2014, the court ordered Plaintiff Stephen Cavanaugh to amend his Complaint to state a First Amendment claim upon which relief may be granted. (Filing No. 11.) Cavanaugh filed an Amended Complaint (Filing No. 12) on August 12, 2014. In accordance with the court's local rules, the court will consider the Amended Complaint (Filing No. 12) supplemental to the original Complaint (Filing No. 1). *See* NECivR 15.1(b) (stating that in pro se cases, the court may consider an amended pleading as supplemental to the original pleading, rather than as superseding).

The court has carefully reviewed the Complaint and Amended Complaint. In light of the liberal construction afforded to pro se litigants' pleadings, the court finds that Cavanaugh has complied with the court's Memorandum and Order dated July 23, 2014. Accordingly, Cavanaugh's claims against Hall County, Nebraska, and his official-capacity claims against Ruiz, Van, Spar, Castleberry, Connelly, and Rei may proceed to service of process. Although the court finds that Cavanaugh's claims may proceed against Defendants, the court cautions him that this is only a preliminary

determination based on the allegations of the Complaint and Amended Complaint and is not a determination of the merits of his claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms that the Clerk of the Court will provide. The Clerk of the Court shall send seven summons forms and seven USM-285 forms to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the Court. In the absence of the forms, service of process cannot occur.

2. Upon receipt of the completed forms, the Clerk of the Court will sign the summons forms, to be forwarded with a copy of the Complaint and Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and the Complaint and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Federal Rule of Civil Procedure 4 and Nebraska law in the discretion of the Marshal. The Clerk of the Court will copy the Complaint and Amended Complaint, and Plaintiff does not need to do so.

3. Federal Rule of Civil Procedure 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

4. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

5.      The Clerk of the Court is directed to set a case management deadline in this case with the following text: "January 19, 2015: Check for completion of service of summons."

6.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  Plaintiff shall keep the court informed of his current address at all times while this case is pending.

DATED this 22nd day of September, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3