IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEPHEN CAVANAUGH, | ) | 4:14CV3062 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HALL COUNTY DEPARTMENT | ) | |
| OF CORRECTIONS, RUIZ, | ) | |
| Director, VAN, Assistant Director, | ) | |
| SPAR, Sgt, CASTLEBERRY, Sgt, | ) | |
| CONNELLY, Sgt, and REI, Sgt, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Preliminary Injunction (Filing No. 15), and Defendants' Brief (Filing No. 26) in opposition to the motion. Plaintiff filed the underlying Complaint (Filing No. 1) in this case on March 24, 2014. He alleged he was placed in segregation in retaliation for filing grievances while housed in the Hall County Jail in Hall County, Nebraska.

In Plaintiff's request for preliminary injunction, he asks the court to enjoin state and county officials from placing him in the custody of Hall County Jail while this case is pending. He alleges he has matters pending in a criminal case in the Hall County District Court and, therefore, it is possible that he "will be transferred to his Hall County detainer and placed in Hall County Jail." (Filing No. 15 at CM/ECF p. 1.) Plaintiff alleges he fears retaliation and interference with his legal mail by Hall County officials if he is housed in the Hall County Jail. (*Id.* at CM/ECF p. 2.)

The standards set forth in *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's requests for preliminary injunctive relief. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should

consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id.* at 113. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase*, 640 F.2d at 113.

In order to demonstrate irreparable harm, Plaintiff must show that "the harm is certain and of such imminence that there is a clear and present need for equitable relief." *Iowa Utils. Bd. v. Fed. Comm'ns Comm'n*, 109 F.3d 418, 425 (8th Cir. 1996). The failure to demonstrate the existence of irreparable harm is, standing alone, sufficient grounds to justify the denial of injunctive relief. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

Here, the threat of harm is wholly speculative. Plaintiff alleges that *if* he is housed in the Hall County Jail in the future, jail officials may retaliate against him and may interfere with his sending and receiving legal mail. Plaintiff does not describe the injuries he may face in detail and he does not explain how the harm he would suffer would be "irreparable." Moreover, any possibility that he will be transferred from his present place of confinement to the Hall County Jail before this case is resolved is entirely speculative at this point.

Accordingly, the court finds the speculative nature of the threatened harm supports the denial of Plaintiff's request for a preliminary injunction. *See S.J.W. v.*

2

*Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 779 (8th Cir. 2012) ("Speculative harm does not support a preliminary injunction.").

IT IS THEREFORE ORDERED that: Plaintiff's Motion for Preliminary Injunction (Filing No. 15) is denied.

DATED this 18th day of February, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.