IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEPHEN CAVANAUGH, | ) | 4:14CV3062 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HALL COUNTY DEPARTMENT | ) | |
| OF CORRECTIONS, RUIZ, | ) | |
| Director, VAN, Assistant Director, | ) | |
| SPAR, Sgt, CASTLEBERRY, Sgt, | ) | |
| CONNELLY, Sgt, and REI, Sgt, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on multiple motions filed by Plaintiff Stephen Cavanaugh ("Plaintiff"). Plaintiff's motions will each be addressed below.

## PROCEDURAL BACKGROUND

This action was filed on March 24, 2014. (Filing No. 1.) On July 23, 2014, the court issued an order dismissing Plaintiff's claims for equitable relief and giving Plaintiff 30 days to file an amended complaint. (Filing No. 11.) Plaintiff filed his Amended Complaint on August 12, 2014. (Filing No. 12.) The court allowed the Amended Complaint to proceed to service of process. (Filing No. 13.)

Defendants filed their Answer on February 13, 2015. (Filing No. 29.) The court entered a Progression Order on February 17, 2015. (Filing No. 30.) The Progression Order set March 16, 2015, as the deadline for completion of written discovery, and April 24, 2015, as the deadline for filing motions to compel. The deadline for filing dispositive motions was established as May 25, 2015. The order did not specifically include a deadline for amending pleadings or adding parties.

Plaintiff served written discovery requests on February 25, 2015. (Filing No. 37.) Defendants responded to Plaintiff's requests on March 13, 2015. (Filing No. 40.)

Plaintiff served a "Motion for Subpoena/Personal Service" on March 17, 2015, requesting that the court issue a subpoena upon the Hall County Probation Office directing it to produce documents. (Filing No. 43.) The motion also requested that the subpoena be served by the United States Marshal, Hall County Sheriff or other appropriate individual. (*Id*.) On April 24, 2015, Plaintiff filed four additional motions, including (1) a motion requesting additional time to serve interrogatories, requests for admission and requests for production (Filing No. 46); (2) a motion to proceed against Defendants Fred Ruiz and Jimmy Vann in their individual capacities (Filing No. 47); (3) a motion to add Justin Richardson as a defendant in this case (Filing No. 48); and (4) a motion to extend the time for filing dispositive motions to July 20, 2015 (Filing No. 49).

## DISCUSSION

I.  **Motion for Issuance of Subpoena and Motion for Extension of Time to Serve Additional Discovery**

Plaintiff has requested that the court modify the Progression Order by extending the written discovery deadline.[1] A progression schedule "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). "In demonstrating good cause, the moving party must establish that the scheduling deadlines cannot be met despite a party's diligent efforts." *Thorn v. Blue Cross & Blue Shield of Fla., Inc.*, 192 F.R.D.

---

[1] Because Plaintiff's Motion for Subpoena/Personal Service was filed after the written discovery deadline, the court will construe the motion as one for an extension of time for purposes of this order.

308, 309 (M.D. Fla. 2000) (internal quotation and citation omitted). When a motion to modify is made after the deadline set in the progression order, the court may extend time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[T]he determination as to what sort of neglect is considered excusable is an equitable one, taking account of all relevant circumstances surrounding the party's omission." In re Harlow Fay, Inc., 993 F.2d 1351, 1352 (8th Cir. 1993) (internal quotation omitted).

Under the Progression Order, the deadline for serving written discovery was March 16, 2015. Plaintiff did not serve his motion seeking documents from the Hall County Probation Office until March 17, 2015. Plaintiff's motion specifically seeking an extension of the discovery deadline was not filed until April 24, 2015. Plaintiff maintains that an enlargement of time is necessary because, after reviewing Defendants' March 14, 2015, discovery responses, he believes "additional relevant documents" should be produced. However, he did not specify what documents should be produced by Defendants or why any such documents are relevant to his case. Separately, Plaintiff waited over one month past the expiration of the discovery deadline to request that the deadline be extended. Plaintiff has not offered any explanation for his failure to request an extension at an earlier time. In short, Plaintiff has not shown any cause warranting modification of the Progression Order. Therefore, Plaintiff's motions to extend (Filing Nos. 43 and 46) will be denied.

**II.    Motions to File a Second Amended Complaint**

Under the Local Rules of this court, any party who moves for leave to amend a pleading, including a request to add parties, must attach a copy of their proposed amended pleading to the motion to amend.[2] NECivR 15.1. Plaintiff did not comply

---

[2]The court construes Plaintiff's motion to proceed against Defendants Fred Ruiz and Jimmy Vann in their individual capacities (Filing No. 47) and Plaintiff's

3

with this requirement. Therefore, Plaintiff's motions seeking leave to file a second amended complaint (Filing Nos. 47 and 48) will be denied.

Moreover, even if Plaintiff had complied with the Local Rules, denial of his motions to amend would nevertheless be appropriate. The court is aware that under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. However, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation omitted).

Allowing Plaintiff to file a second amended complaint at this time would unfairly prejudice Defendants. This case has been pending for over a year. Discovery has closed and Defendants have filed a dispositive motion (Filing No. 55). Plaintiff has also filed a dispositive motion (Filing No. 58). The Order on the Final Pretrial Conference is due on August 24, 2015, and the Pretrial Conference is scheduled for September 3, 2015. Plaintiff has already been afforded one opportunity to amend his complaint, and Plaintiff has not identified any new information which warrants yet another amendment. The addition of new claims and parties at this stage of the litigation as proposed by Plaintiff would necessitate the re-opening of discovery and additional motion practice, which would lead to further delay and expense for the parties. Therefore, amendment is not appropriate at this juncture.

### III. Motion to Extend Dispositive Motion Deadline

---

motion to add Justin Richardson as a defendant (Filing No. 48) as motions to amend the Amended Complaint.

Plaintiff has requested that the dispositive motion deadline be extended to July 20, 2015 (Filing No. 49). Given the pendency of several motions, and because Plaintiff requested an extension of the dispositive motion deadline before the deadline passed, the court will extend the time in which Plaintiff has to file a dispositive motion. As such, the court considers Plaintiff's Motion for Summary Judgment filed on May 26, 2015, timely filed.

**IT IS ORDERED** that:

1. Plaintiff's Motion for Subpoena/Personal Service (Filing No. 43); Motion to Enlarge Time for Serving Interrogatories, Requests for Admission, and Requests for Production (Filing No. 46); Motion to Proceed Against Defendants Fred Ruiz and Jimmy Vann in their Individual Capacities (Filing No. 47); and Motion to Join Defendant (Filing No. 48) are denied.

2. Plaintiff's Motion to Enlarge Time For Filing Dispositive Motions (Filing No. 49) is granted to the extent the relief he seeks is consistent with the relief provided in this Memorandum and Order.

DATED this 15th day of June, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.